AMENDED DLD-089 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3246
_____

CITY OF PHILADELPHIA; KRR CAPITAL LLC

v.

KEVIN GREGORY HAND,
   Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:25-cv-05998)
District Judge: Honorable Harvey Bartle III
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2026
Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed March 12, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kevin Gregory Hand appeals *pro se* and *in forma pauperis* from the District Court's orders remanding this matter to state court for want of jurisdiction and denying reconsideration. We will summarily affirm.

I.

This appeal concerns Hand's efforts to remove foreclosure and ejectment actions from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. According to Hand, the City of Philadelphia foreclosed upon his property at 18 South 55th Street in October 2023 in response to unpaid taxes. He avers that "[t]he property was sold at a sheriff's sale on December 18, 2024, with the sheriff's deed acknowledged on May 29, 2025, initiating a nine-month redemption period concluding on February 28, 2026." *See* ECF Doc. 2 at 2; *see generally City of Phila. v. El, et al.*, Case No. 2310T0101, Dkt. at 2-4 (Pa. Ct. Com. Pl. Phila. Cnty.) ("Foreclosure Action Docket"). On September 4, 2025, representatives of KRR Capital, LLC, the entity that purchased the property at the sheriff's sale, brought an ejectment action against Hand and the property's other occupants. The Common Pleas Court entered default judgment in KRR's favor on October 29. *See KRR Capital, LLC v. All Occupants of 18 South 55th*, Case No. 250900655, Dkt. at 4 (Pa. Ct. Com. Pl. Phila. Cnty.) ("Ejectment Action Docket").[1]

---

[1] Although the state court dockets were not part of the record in the District Court, we may take judicial notice of them. *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537-38 (3d Cir. 2014); *In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005).

Meanwhile, Hand removed both actions to the District Court on October 17, 2025, citing both the general removal statute, 28 U.S.C. § 1441, and the federal officer removal statute, *id.* § 1442(a)(1), the latter on the ground that "the Director of Philadelphia County Court of Common Pleas Prothonotaries and Tax Claim Bureau may have acted under federal land patent authority, raising a federal defense." *See* ECF Doc. 2 at 1, 5. Approximately two weeks later, the court remanded the matter *sua sponte* pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. The court concluded that it lacked jurisdiction because the underlying actions did not involve federal questions and the parties were not diverse. Notwithstanding Hand's intention to raise defenses and counter- and crossclaims under federal law, the court explained that such assertions would not "create federal court jurisdiction or render the otherwise unremovable case removable." *See id.* (citing, *inter alia*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002)). Hand filed a timely motion for reconsideration, which the District Court denied as moot. Hand appeals.[2]

---

[2] After filing his notice of appeal, Hand filed in the District Court an emergency motion for preliminary injunction, citing "Eviction = homelessness, PTSD, loss of trust property" as irreparable harms. *See* ECF Doc. 12 at 2. The court dismissed his motion because the action had been remanded. Hand did not appeal that dismissal. Instead, he filed a federal complaint on behalf of himself and the property's other occupants against the City, the Sheriff's Office, KRR, and others under, *inter alia*, 42 U.S.C. § 1983, seeking to void the 2024 sheriff's sale and enjoin any evictions efforts. *See Hand v. City of Philadelphia*, No. 2:25-cv-06863, Doc. 1 (E.D. Pa. Dec. 8, 2025).

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1447(d).³ We review *de novo* the District Court's decision to remand for lack of subject-matter jurisdiction. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 403 (3d Cir. 2021). Orders denying reconsideration are reviewed for abuse of discretion. *See United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999)). We may summarily affirm the District Court's judgment if the appeal fails to present a substantial question. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (*per curiam*).

III.

Hand maintains that the District Court had federal question jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. *See* C.A. Doc. 8 at 1. He also asserts that "[c]omplete diversity now exists . . . due to Appellant's lawful expatriation on November 08, 2011." *See id.* (citing "Exhibit: Cancellation of the Citizenship and ERC-

---

³ An order remanding a matter back to state court typically "is not reviewable on appeal or otherwise," but that jurisdictional bar does not apply to cases removed pursuant to 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d). Hand cited Section 1442 as one of his bases for removal. That bare citation was sufficient to secure our jurisdiction to review the entire remand order. *See BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 141 S. Ct. 1532, 1538 (2021) ("Once [a defendant cites Section 1442 in a notice of removal] and the district court ordered the case remanded to state court, the whole of its order became reviewable on appeal."). We also can review the order denying Hand's motion for reconsideration. *Cf. Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 353 (3d Cir. 2013) (regarding as a "self-evident principle" that "if we do not have jurisdiction to review a remand order itself, we cannot have jurisdiction to review a motion to reconsider a remand order").

1155-Contract file in district court"). He is mistaken in both respects. The District Court properly examined Hand's notice of removal and determined that there was no basis for federal question jurisdiction because the underlying complaints he sought to defend against in federal court were run-of-the-mill foreclosure and ejectment actions under Pennsylvania law, which do not involve federal questions. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (noting that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Although Hand sought to raise defenses and cross- and counterclaims under federal law, federal question jurisdiction must arise from the state court plaintiff's claims, not the defendant's anticipated responses. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can [it] rest upon an actual or anticipated counterclaim.") (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Holmes Grp.*, 535 U.S. at 830, 832).

Hand's resort to diversity jurisdiction also is unavailing. Hand identifies himself as "a Pennsylvania state national," and he refers to KRR Capital LLC as a Delaware corporation. *See* C.A. Doc. 12 at 1; *see also id.* ("amount in controversy exceeds $1,500,000"). The problem for Hand is that KRR is not his only opponent; he also included the City of Philadelphia's foreclosure action in his notice of removal. Hand argued in the District Court that the City is "[n]ot a citizen in its governmental capacity." *See* ECF Doc. 2 at 4 (citing *Moor v. Alameda County*, 411 U.S. 693 (1973)). To the contrary, the Supreme Court has made clear that "a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity

5

purposes." *See Moor*, 411 U.S. at 717-18 (collecting cases). Because both Hand and the City are Pennsylvania citizens, complete diversity was lacking as well, so the District Court had no choice but to remand the case to state court, and it did not abuse its discretion in denying his request for reconsideration. Hand's appeal of those decisions fails to raise a substantial question.[4]

Accordingly, we will summarily affirm the District Court's judgment.[5]

---

[4] The District Court did not address Hand's reliance on Section 1442(a)(1) as a ground for removal, and Hand did not expressly seek reconsideration on that basis, nor has he pressed the federal officer removal statute on appeal. Nonetheless, removal was not warranted under that statute either. Section 1442(a)(1) applies only to "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to" the United States, its agencies or officers, or persons acting thereunder "for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1). None of those conditions apply to Hand or his circumstances, so his initial reliance upon that provision was misplaced.

[5] We grant Hand's motion for leave to file a corrected brief and to supplement his appendix; we construe the corrected brief and appendix as his summary action response.